(29 Misc. Rep. 129.)

JACKSON et al. v. CHAPMAN et al.

(Supreme Court, Appellate Term.   October 4, 1899.)

CONVERSION—DEMAND.
    A purchaser of goods at public auction is not, in the absence of demand and refusal, liable for conversion because of the purchase, unless he also sold them.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Henry H. Jackson and others against Frank Chapman and another. From a judgment for plaintiffs, said Chapman appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

David K. Case, for appellant.

Joseph A. Kent, for respondents.

MacLEAN, J.  The plaintiffs brought this action upon oral pleadings to recover the sum of $200 damages for the alleged conversion of a range and certain other restaurant fixtures.  The learned justice rendered judgment in favor of the plaintiffs for $85 damages and $18.50 costs, making a total of $103.50, from which judgment the defendant Chapman alone appeals.  As testified by the auctioneer, the defendant Klinger, the goods were sold at public auction to one Biehler, doing business as the Restaurant Furniture Company.  The defendant Chapman was Biehler's bookkeeper.  There is no evidence in the case of any demand and refusal of the goods, and therefore, even if they were bought by Chapman for himself, he could not be held liable for conversion because of their purchase (Gillet v. Roberts, 57 N. Y. 28, 30), unless he also sold the goods (Pease v. Smith, 61 N. Y. 477, 480), of which there is no evidence.  The judgment should be reversed, with costs.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.